| | | |
|---|---|---|
| JARIN M. WRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM & ORDER** |
| | ) | |
| NBA PROPERTIES INC AND NFL PROPERTIES LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on its own motion. For the reasons explained below, Plaintiff's Complaint is **DISMISSED** and Plaintiff is directed to **SHOW CAUSE within fourteen (14) days** of this Order why this Court should not impose a pre-filing review system on any further filings by Plaintiff in the Western District of North Carolina.

I.      DISCUSSION

A.  Initial Review

Plaintiff Jarin M. Wray, proceeding *pro se*, filed a short complaint comprising of a single substantive paragraph that states as follows:

> The NFL and NBA engaged in fraud schemes with China. The NBA approved the sale of Boston Celtics for $6.1B and Lakers for $10B, with both having heavy China linked entities. NFL stadiums and privacy policies from the Dallas Cowboys ($13.1B) and New England Patriots ($9.7B) also link back to heavy China entities. These actions make a future purchase of a team difficult to achieve, increase the business power of the league wide decisions, endangers the security of the U.S. and our people, funds China directed activities, and fosters an unethical business environment as enforcing the law requires all business leaders to fully obey the law.

(Doc. No. 1 at 4). In his complaint, Plaintiff seeks the following relief:

Transfer of ownership of the Dallas Cowboys (before 2026

offseason) and Boston Celtics to Jarin Wray. Transfer ownership of the New England Patriots to Tom Brady. Lakers to find new ownership. Business review of the NFL and NBA's legal entities, governing body, and corporate policies. $100M payment of the American Heart Association, the National Kidney Foundation, and the State of North Carolina. *No criminal prosecution, this settlement/case is to never be criminally charged or prosecuted, if such action occurs, immediately reject the case, dismiss the case, or grant a Presidential pardon without objection – U.S. systems failed across the board over decades. This is a "onetime" educational fix, work with the U.S. to make positive change in America for those you've impacted, prove you can make a positive impact, be better in real life to real people, future criminal actions can be linked back to this settlement/case.* Dr. Jarin M. Wray, DBA.

Spread the word, we have real lives to touch, we don't need legal situations. Please stop these actions.

*Id.* at 4–5.

Although Plaintiff is not proceeding *in forma pauperis*, this action is still subject to initial review pursuant to the inherent authority of the court to ensure that a plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous. "It is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *See Brown v. Maynard*, No. CIV.A. L-11-619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

"A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). Nevertheless, the court cannot ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

2

Here, Plaintiff purports to bring causes of action against Defendants for bank fraud under 18 U.S.C. § 1344, major fraud against the United States under 18 U.S.C. § 1031, laundering of monetary instruments under 18 U.S.C. § 1956, "Antitrust," and "China Owned/Shell Companies." (Doc. No. 1 at 3). Plaintiff cannot proceed in a private action for the purported violations of the federal criminal code under Title 18. *See, e.g., Holmes v. MBNA Am. Bank, N.A.*, No. 5:05-CV-16, 2007 WL 952017, at *1 (W.D.N.C. Mar. 27, 2007) ("18 U.S.C. § 1344 is a criminal statute and provides no private right of action"); *Bell v. S.C. State Hous. Fin. & Dev. Auth.*, No. CV 3:24-6493-SAL-SVH, 2024 WL 5240590, at *3 (D.S.C. Nov. 20, 2024), *report and recommendation adopted*, No. 3:24-CV-6493-SAL, 2024 WL 5239865 (D.S.C. Dec. 27, 2024) (finding no private right of action under 18 U.S.C. § 1956).[1] Moreover, Plaintiff has not alleged any facts that otherwise state a legal claim for which Plaintiff is entitled to relief. Thus, Plaintiff has not shown that this Court has subject matter jurisdiction in this matter. For these reasons, Plaintiff's action must be dismissed.

**B. Pre-Filing Review**

A pre-filing review system is not a sanction the Court imposes lightly. Courts "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817-18 (4th Cir. 2004) (internal quotation marks and citation omitted). "In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular

---

[1] The Court recognizes that 18 U.S.C. § 1031(h) provides a private right of action to employees who are "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against" because of lawful acts done by an employee "in furtherance of a [criminal] prosecution." Plaintiff has not alleged any facts that suggest Plaintiff meets those statutory requirements.

whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* If a court determines that a "litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Id.*

Applying these factors to Plaintiff, it appears that the imposition of a pre-filing review is warranted. Plaintiff has filed multiple actions that were dismissed by other courts in this district because Plaintiff failed to allege federal claims.[2] Despite being explicitly "cautioned against repeatedly filing frivolous or improper actions" multiple times, Plaintiff has continued to pursue litigation in this district without a good faith basis.  *See* Order*, Wray v. 47th Trump Admin. et al*, No. 3:25-CV-00884-FDW-SCR, (Doc. No. 13 at 6) (W.D.N.C. Jan. 15, 2026); *see also* Order, *Wray v. MQMF Charlotte SouthPark LLC et al*., No. 3:26-cv-00029-MOC-DCK (Doc. No. 2 at 3). Plaintiff's frivolous filings are also highly burdensome on the Court, causing the Court to expend considerable time and judicial resources in attempting to interpret and address them. In light of these circumstances, it appears Plaintiff will continue this behavior if not subjected to a pre-filing review system.

"Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him." *Simpson v. Jennings,* No. 1:25-CV-00364-MR-WCM, 2025 WL 3215949, at *3 (W.D.N.C. Nov. 18, 2025) (citing *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746,

---

[2] *Wray v. MQMF Charlotte SouthPark LLC et al*, 3:25-cv-00864-MOC-SCR (WDNC); *Wray v. RTX Corporation*, No. 3:25-cv-00656-MOC-SCR (WDNC); *Wray v. Universal Music Group, Inc. et al*, No. 3:25-cv-00866-MOC-DCK WDNC); *Wray v. MQMF Charlotte SouthPark LLC et al*, 3:26-cv-00029-MOC-DCK (WDNC).

at \*3 (W.D.N.C. July 3, 2012)). If Plaintiff fails to adequately explain why such a system should not be imposed, the Court may enter an order directing documents submitted by Plaintiff be administratively pre-screened for content. *Id.* Pursuant to such review, any proposed filings not made in good faith or which lack merit will be returned to Plaintiff without further explanation. *Id.* This review system "will allow Plaintiff to have access to the [c]ourts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Id.*

Plaintiff is, therefore, **DIRECTED** to **SHOW CAUSE within fourteen (14) days** of the entry of this Order, explaining why he believes the above-described pre-filing review system should not be imposed. Plaintiff's filing shall not exceed three (3) pages.  **Plaintiff is expressly warned that if he fails to fully comply with this directive, the Court may impose the pre-filing review system described above.**

II.     **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**;

2.  Plaintiff is **DIRECTED** to **SHOW CAUSE within fourteen (14) days** of the entry of this Order why a pre-filing review system should not be imposed; and

3.  The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED.**

Signed: April 7, 2026

Matthew E. Orso
United States District Judge

5